**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| P AND P "QUICK-SETT" SERVICES, INC., | ) Case No. 1:10-bk-14705 |
| Debtor. | ) |

---

| | |
|---|---|
| P AND P "QUICK-SETT" SERVICES, INC. and | ) |
| PRESTIGE CAPITAL CORPORATION, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary No. |
| | ) 1:10-ap-1098 |
| | ) |
| C.W. WRIGHT CONSTRUCTION COMPANY, INC., | ) |
| ROCK HILL SAND & GRAVEL, INC., d/b/a | ) |
| GUDELSKY MATERIALS, | ) |
| VIRGINIA ELECTRIC AND POWER COMPANY, and | ) |
| DOMINION TECHNICAL SOLUTIONS, INC., | ) |
| Defendants. | ) |
| | ) |
| C.W. WRIGHT CONSTRUCTION COMPANY, INC., | ) |
| Counter-Claimant, Cross-Claimant, | ) |
| and Third-Party Plaintiff, | ) |
| v. | ) |
| | ) |
| P AND P "QUICK-SETT" SERVICES, INC., | ) |
| PRESTIGE CAPITAL CORPORATION, | ) |
| ROCK HILL SAND & GRAVEL, INC., d/b/a | ) |
| GUDELSKY MATERIALS, | ) |
| ROANOKE CEMENT COMPANY, LLC, | ) |
| HAHN TRANSPORTATION, INC., | ) |
| DUFFIELD HAULING, INC., | ) |
| F&L PLUMBING & HEATING, INC., | ) |
| BECKNER BOILER CORP., | ) |
| L.F. ORRISION, INC., and | ) |
| MOBILE MINI, INC., | ) |
| Defendants. | ) |

---

**ANSWER, COUNTERCLAIM, CROSSCLAIM, AND**
**THIRD-PARTY COMPLAINT OF DEFENDANT**
**C.W. WRIGHT CONSTRUCTION COMPANY, INC.**

# ANSWER

Defendant, C.W. Wright Construction Company, Inc. ("CWW"), by counsel, for its Answer to the Complaint filed by P and P "Quick-Sett" Services, Inc. ("P&P") and Prestige Capital Corporation ("Prestige"),[1] states as follows:

1.　　　CWW admits the allegations of paragraph 1 of the Complaint.

2.　　　In regard to the allegations of paragraph 2 of the Complaint, CWW admits that Prestige is a corporation organized under the laws of the State of New Jersey having a principal place of business located in Fort Lee, New Jersey.  The remaining allegations of Paragraph 2 set forth legal conclusions to which no response is required.  To the extent said allegations misstate the law in any manner, they are denied.

3.　　　CWW admits the allegations of paragraph 3 of the Complaint.

4.　　　CWW admits the allegations of paragraph 4 of the Complaint.

5.　　　CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.　　　CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

---

[1] The style of the Complaint and paragraphs 1 and 2 thereof indicate that the Complaint is being brought by both P&P and Prestige.  However, the signature line of the Complaint reads "PLAINTIFFS, P AND P 'QUICK-SETT' SERVICES, INC., By their Attorneys," and the Complaint is signed solely by an attorney from the law firm of Ferrucci Russo P.C., P&P's counsel.  Furthermore, Prestige has brought a separate Adversary Complaint in this Court, signed by its counsel, Orson and Brusini Ltd., in which it asserts claims virtually identical to certain of those alleged in the Complaint.  See Prestige Capital Corp. v. C.W. Wright Construction Co., et al., Adversary Proceeding 1:10-ap-01099.  Thus, CWW assumes that the Complaint is brought on behalf of P&P only.  In the event that the Court were to construe the Complaint as being brought by both P&P and Prestige, however, this Answer is directed at both P&P and Prestige, and the responses and defenses stated herein apply fully to Prestige as well as P&P.  In addition, should the Complaint be construed as being brought by both P&P and Prestige, it should be dismissed in full as to Prestige due to Prestige's failure to sign the Complaint.  See Fed.R.Civ.P. 11(a); LBR 1005-1, 7007-1.

7.      The allegations contained in paragraph 7 of the Complaint set forth legal conclusions to which no response is required.  To the extent said allegations misstate the law in any manner, they are denied.

8.      CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      CWW lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint.

10.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 10 of the Complaint. CWW denies the remaining allegations of paragraph 10.

11.     In regard to allegations of paragraph 11 of the Complaint, CWW admits that it acted as general contractor for the transmission line project at issue, including the underground portion thereof, pursuant to a contract with Dominion, and denies the remaining allegations of paragraph 11.

12.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.     In regard to the allegations of paragraph 13 of the Complaint, CWW admits that it entered into a Subcontractor Agreement (the "Subcontract") with P&P, but CWW states that said Subcontract speaks for itself and therefore denies the allegations of paragraph 13 to the extent that they attempt to characterize or paraphrase said Subcontract.

14.     In regard to the allegations of paragraph 14 of the Complaint, CWW states that the Subcontract speaks for itself, and the allegations of paragraph 14 are denied to the extent they attempt to characterize or paraphrase the terms of the Subcontract.

3

15.     In regard to the allegations of paragraph 15 of the Complaint, CWW states that the Subcontract speaks for itself, and the allegations of paragraph 15 are denied to the extent they attempt to characterize or paraphrase the terms of the Subcontract.

16.     In regard to the allegations of paragraph 16 of the Complaint, CWW states that the Subcontract speaks for itself, and the allegations of paragraph 16 are denied to the extent they attempt to characterize or paraphrase the terms of the Subcontract.

17.     In regard to the allegations of paragraph 17 of the Complaint, CWW states that the Subcontract speaks for itself, and the allegations of paragraph 17 are denied to the extent they attempt to characterize or paraphrase the terms of the Subcontract.

18.     In regard to the allegations of paragraph 18 of the Complaint, CWW states that the Subcontract speaks for itself, and the allegations of paragraph 18 are denied to the extent they attempt to characterize or paraphrase the terms of the Subcontract.

19.     In regard to the allegations of paragraph 19 of the Complaint, CWW states that the Subcontract speaks for itself, and the allegations of paragraph 19 are denied to the extent they attempt to characterize or paraphrase the terms of the Subcontract.

20.     CWW denies the allegations of paragraph 20 of the Complaint.

21.     CWW denies the allegations of paragraph 21 of the Complaint.

22.     CWW denies the allegations of paragraph 22 of the Complaint.

23.     CWW denies the allegations of paragraph 23 of the Complaint.

24.     CWW denies the allegations of paragraph 24 of the Complaint.

25.     In regard to the allegations of paragraph 25 of the Complaint, CWW admits that P&P's work on the Project was eventually completed.  CWW denies the remaining allegations of paragraph 25.

26.     CWW denies the allegations of paragraph 26 of the Complaint.

4

27.      In regard to the allegations of paragraph 27 of the Complaint, CWW admits that it has not paid P&P the requested $642,626.00, but denies the remaining allegations of paragraph 27.

28.      CWW admits the allegations of paragraph 28 of the Complaint.

29.      In regard to the allegations of paragraph 29 of the Complaint, CWW admits that it filed an Answer in the Gudelsky Materials Litigation, but states that said Answer speaks for itself and therefore denies allegations of paragraph 29 to the extent that they attempt to characterize or paraphrase said Answer.  CWW denies the remaining allegations of paragraph 29 of the Complaint.

30.      In regard to the allegations of paragraph 30 of the Complaint, CWW admits that it has not paid P&P the requested $642,626.00, but denies the remaining allegations of paragraph 30.

31.      In regard to the allegations of paragraph 31 of the Complaint, CWW admits that P&P has not been paid the requested $642,626.00, nor have said funds been turned over to the Bankruptcy estate, but denies the remaining allegations of paragraph 31.

32.      CWW denies the allegations of paragraph 32 of the Complaint, including those stated in subparts a) – d).

33.      In regard to the allegations of paragraph 33 of the Complaint, CWW admits that P&P has requested payment of money it contends it is owed, but denies the remaining allegations of paragraph 33.

34.      In regard to the allegations of paragraph 34 of the Complaint, CWW admits that it received a letter from P&P dated March 30, 2010 noting that P&P had entered into a factoring agreement with Prestige, which letter speaks for itself.  CWW

5

further states that the agreement referenced paragraph 34 of the Complaint also speaks for itself and therefore denies the allegations of said paragraph to the extent that they attempt to characterize or paraphrase the terms of said agreement.  The remaining allegations of paragraph 34 set forth legal conclusions to which no response is required. To the extent said allegations misstate the law in any manner, they are denied.

35.     In regard to the allegations of paragraph 35 of the Complaint, CWW admits that it received a letter from P&P dated March 30, 2010 noting that P&P had entered into a factoring agreement with Prestige, but CWW states that the letter speaks for itself and therefore denies the allegations of said paragraph to the extent that they attempt to characterize or paraphrase the terms of said letter

36.     In regard to paragraph 36 of the Complaint, CWW admits that it has not paid P&P or Prestige the requested $642,626.00 or $853,679.00, but denies the remaining allegations of paragraph 36.

37.     CWW denies the allegations of paragraph 37 of the Complaint.

38.     CWW denies the allegations of paragraph 38 of the Complaint.

39.     In regard to the allegations of paragraph 39 of the Complaint, CWW admits that P&P was a subcontractor on the Project, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39.

40.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

42.     In regard to the allegations of paragraph 42 of the Complaint, CWW admits that Dominion identified P&P as a potential subcontractor, but denies the remaining allegations of paragraph 42.

43.     In regard to the allegations of paragraph 43 of the Complaint, CWW admits that it worked in good faith with P&P in an effort to arrive at a mutually agreeable resolution to P&P's demands for payment, but denies that it made any assurances to P&P, and further denies the remaining allegations of paragraph 43.

44.     CWW denies the allegations of paragraph 44 of the Complaint.

45.     CWW denies the allegations of paragraph 45 of the Complaint.

46.     CWW denies the allegations of paragraph 46 of the Complaint.

47.     CWW denies the allegations of the first sentence of paragraph 47 of the Complaint.  CWW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47.

48.     CWW denies the allegations of paragraph 48 of the Complaint.

49.     CWW denies the allegations of paragraph 49 of the Complaint.

50.     CWW denies the allegations of paragraph 50 of the Complaint.

51.     In regard to the allegations of paragraph 51 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 50 of the Complaint.

52.     In regard to the allegations of paragraph 52 of the Complaint, CWW states that Section 542(b) of the Bankruptcy Code speaks for itself, and the allegations of paragraph 52 are denied to the extent they attempt to characterize or paraphrase the provisions of Section 542.

53.     No response is necessary to the legal conclusions stated in paragraph 53 of the Complaint.  CWW denies the remaining allegations of paragraph 53.

54.     No response is necessary to the legal conclusions stated in paragraph 54 of the Complaint.  CWW denies the remaining allegations of paragraph 54.

55.     CWW denies the allegations of paragraph 55 of the Complaint.

56.     CWW admits that it has not paid the $642,626.00 to P&P, but denies the remaining allegations of paragraph 56.

57.     In regard to the allegations of paragraph 57, CWW admits that P&P's counsel sent it a letter dated December 3, 2010, but states that said letter speaks for itself and denies the allegations of paragraph 57 to the extent that they attempt to paraphrase or characterize said letter.  CWW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 of the Complaint.

58.     CWW denies the allegations of paragraph 58 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count I should be granted and requests that the Court dismiss Count I with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

59.     In regard to the allegations of paragraph 59 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 58 of the Complaint.

60.     The allegations of Paragraph 60 of the Complaint set forth a legal conclusion to which no response is required.  To the extent said allegations misstate the law in any manner, they are denied.

8

61.     The allegations of Paragraph 61 of the Complaint set forth a legal conclusion to which no response is required.  To the extent said allegations misstate the law in any manner, they are denied.

62.     CWW denies the allegations of paragraph 62 of the Complaint.

63.     CWW denies the allegations of paragraph 63 of the Complaint.

64.     CWW denies the allegations of paragraph 64 of the Complaint.

65.     CWW denies the allegations of paragraph 65 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count II should be granted and requests that the Court dismiss Count II with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

66.     In regard to the allegations of paragraph 66 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 65 of the Complaint.

67.     No response is necessary to the legal conclusions stated in paragraph 67 of the Complaint.  CWW denies the remaining allegations contained therein.

68.     No response is necessary to the legal conclusions stated in paragraph 68 of the Complaint.  CWW denies the remaining allegations contained therein.

69.     CWW denies the allegations of paragraph 69 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count III should be granted and requests that the Court dismiss Count III with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

70.     In regard to the allegations of paragraph 70 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 69 of the Complaint.

71.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint.

72.     CWW denies the allegations of paragraph 72 of the Complaint.

73.     CWW denies the allegations of paragraph 73 of the Complaint.

74.     CWW denies the allegations of paragraph 74 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count IV should be granted and requests that the Court dismiss Count IV with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

75.     In regard to the allegations of paragraph 75 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 74 of the Complaint.

76.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint.

77.     CWW denies the allegations of paragraph 77 of the Complaint.

78.     CWW denies the allegations of paragraph 78 of the Complaint.

79.     CWW denies the allegations of paragraph 79 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count V should be granted and requests that the Court dismiss Count V with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

10

80.     In regard to the allegations of paragraph 80 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 79 of the Complaint.

81.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint.

82.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint.

83.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint.

84.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count VI should be granted and requests that the Court dismiss Count VI with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

85.     In regard to the allegations of paragraph 85 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 84 of the Complaint.

86.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Complaint.

87.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Complaint.

88.     CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Complaint.

89.    CWW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count VII should be granted and requests that the Court dismiss Count VII with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

90.    In regard to the allegations of paragraph 90 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 89 of the Complaint.

91.    CWW denies the allegations of paragraph 91 of the Complaint.

92.    CWW denies the allegations of paragraph 92 of the Complaint.

93.    CWW denies the allegations of paragraph 93 of the Complaint.

94.    CWW denies the allegations of paragraph 94 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count VIII should be granted and requests that the Court dismiss Count VIII with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

95.    In regard to the allegations of paragraph 95 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 94 of the Complaint.

96.    CWW denies the allegations of paragraph 96 of the Complaint.

97.    CWW denies the allegations of paragraph 97 of the Complaint.

98.    CWW denies the allegations of paragraph 98 of the Complaint.

99.    CWW denies the allegations of paragraph 99 of the Complaint.

WHEREFORE, CWW denies that the requested relief in Count IX should be granted and requests that the Court dismiss Count IX with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

100.   In regard to the allegations of paragraph 100 of the Complaint, CWW incorporates by reference its responses to the allegations of paragraphs 1 through 99 of the Complaint.

101.   Because the allegations of paragraph 101 of the Complaint are not alleged against CWW or part of any action against CWW, no response is necessary.  To the extent a response is required, CWW denies these allegations.

102.   Because the allegations of paragraph 102 of the Complaint are not alleged against CWW or part of any action against CWW, no response is necessary.  To the extent a response is required, CWW denies these allegations.

WHEREFORE, CWW denies that the requested relief in Count X should be granted and requests that the Court dismiss Count X with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

103.   CWW denies all allegations of the Complaint not specifically admitted herein.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

104.   The Complaint fails to state claims upon which relief can be granted against CWW for turnover under Section 542 of the Bankruptcy Code, quantum meruit, tortious interference with contract or business expectancy, conspiracy, or declaratory judgment.

13

105.    Any duty towards P&P on the part of CWW arose solely out of the Subcontract, and Defendant has at all times acted substantially in accordance with the Subcontract.

106.    P&P's claims against CWW and Dominion to the so-called "Undisputed Subcontract Balance" are moot in light of CWW's Counterclaim for Interpleader.

107.    P&P's claims are barred, in whole or in part, by waiver and/or estoppel.

108.    P&P's claims are barred by its own first breaches of, and failure to perform under, the Subcontract.

109.    P&P failed to mitigate any damages to itself.

110.    P&P's claims are barred, in whole of in part, to the extent that its own acts or omissions caused or contributed to its alleged injuries.

111.    CWW has at all times acted in good faith with regard to P&P and its requests for payment.

112.    P&P failed to perform labor and/or supply equipment and/or materials to the Project in accordance with the requirements of the contract documents.

113.    P&P failed to perform labor and/or supply equipment and/or materials in a good and workmanlike manner on the Project.

114.    P&P's claims are barred by the doctrine of justification.

115.    CWW was and is justified in retaining Project money so as not to be complicit with P&P and/or Prestige in preventing the payment of P&P's contractors, subcontractors, and/or material suppliers pursuant to Virginia Code § 43-13.

116.    P&P and Prestige have unclean hands.

117.    CWW reserves the right to rely upon any and all other proper and provable defenses revealed by further investigation or discovery in this matter or by proof at trial.

WHEREFORE, CWW, by counsel, respectfully requests that the Court dismiss the Complaint with prejudice, award CWW its costs and attorneys' fees incurred herein, and grant such other and further relief as may be appropriate and necessary.

15

## COUNTERCLAIM, CROSSCLAIM, AND THIRD-PARTY COMPLAINT

Defendant, C.W. Wright Construction Company, Inc. ("CWW"), by counsel, without waiving any of the defenses asserted in the foregoing Answer, and specifically denying liability for the so-called "Additional Expenses" and other relief sought in the Complaint, states as follows for its Counterclaim, Crossclaim, and Third-Party Complaint for interpleader against P and P "Quick-Sett" Services, Inc. ("P&P"), Prestige Capital Corporation ("Prestige"), Rock Hill Sand & Gravel, Inc., d/b/a Gudelsky Materials ("Gudelsky"), Roanoke Cement Company, LLC ("Roanoke"), Hahn Transportation, Inc ("Hahn"), Duffield Hauling, Inc ("Duffield"), F&L Plumbing & Heating, Inc ("F&L"), Beckner Boiler Corp ("Beckner"),  L.F. Orrision, Inc ("Orrision"), and Mobile Mini, Inc. ("Mobile") (collectively, the "Claimants"):

### INTRODUCTION

1.      This is an adversary proceeding for interpleader, brought pursuant to Federal Rule of Bankruptcy Procedure 7022, Federal Rule of Civil Procedure 22, and 28 U.S.C. §§ 1335 and 2361, to resolve multiple inconsistent claims to the remaining balance for a construction project for which CWW served as the general contractor. CWW's Counterclaim, Crossclaim, and Third-Party Complaint for interpleader arises out of the same construction project that is the subject of P&P's Complaint and pertains to the same funds that are referred to by P&P as the "Undisputed Subcontract Balance." The additional Defendants named above--a "factoring" company and contractors and/or suppliers representing a variety of trades—have claimed or may claim entitlement to some or all of the funds at issue and have thus been added and joined in this action pursuant to Federal Rules of Bankruptcy Procedure 7013(h) and 7014 and Federal Rules

of Civil Procedure 13(h) and 14 in order to bring all potential claimants to the balance

before the Court.

**PARTIES**

2.      CWW is a Virginia corporation with its principal place of business in

Chester, Virginia.

3.      Upon information and belief, P&P is a Delaware corporation with its

principal place of business in Providence, Rhode Island.  P&P is the debtor in the Chapter

11 proceedings of <u>P and P "Quick-Sett" Services, Inc.</u>, Case No. 1:10-bk-14705.

4.      Upon information and belief, Prestige is a New Jersey corporation with its

principal place of business in Fort Lee, New Jersey.  Prestige is "factoring" company that

claims to be an assignee of, and to have a perfected security interest in, certain accounts

of P&P.

5.      Upon information and belief, Gudelsky is a corporation with a principal

place of business in Chantilly, Virginia.  Gudelsky is engaged in the business of

supplying stone and related materials for use in construction projects and supplied

materials and/or labor to P&P for a portion of the Project described herein.

6.      Upon information and belief, Roanoke is a Virginia Limited Liability

Company with a principal place of business in Cloverdale, Virginia.  Roanoke is engaged

in the business of supplying stone and related materials for use in construction projects

and supplied materials and/or labor to P&P for a portion of the Project described herein.

7.      Upon information and belief, Hahn is a Maryland corporation authorized

to do business in Virginia.  Hahn is a transportation company that provided services to

P&P for a portion of the Project described herein.

8.      Upon information and belief Duffield is a Virginia corporation in the business of offering biosolids management, utilization, land application, and transportation and disposal services.  Hahn provided services to P&P for a portion of the Project described herein.

9.      Upon information and belief, F&L is a Virginia corporation offering plumbing and HVAC services.  F&L provided services to P&P for a portion of the Project described herein.

10.     Upon information and belief, Beckner is a Virginia corporation with a principal place of business in Salem, Virginia.  Beckner provided mechanical contracting services to P&P for a portion of the Project described herein.

11.     Upon information and belief, Orrision is a Virginia corporation with a principal place of business in Leesburg, Virginia.  Orrision provided services to P&P for a portion of the Project described herein.

12.     Upon information and belief, Mobile is a Delaware corporation with a principal place of business in Arizona.  Mobile provided portable storage containers to P&P for a portion of the Project described herein.

### JURISDICTION AND VENUE

13.     This Court has jurisdiction of this interpleader action pursuant to 28 U.S.C. § 1335 because (i) there is diversity of citizenship between two or more of the Claimants; (ii) the total amount of Claimants' adverse claims is a sum in excess of $500; and (iii) CWW will tender forthwith a check in the amount of $642,626.00 for deposit into the registry of the Court.

14.     Venue is proper in this Court by virtue of the pending P&P bankruptcy and because this adversary proceeding will potentially impact P&P's rights to certain

accounts receivable that are potential assets of the bankruptcy estate.  Further, venue is

proper under 28 U.S.C. § 1397 because P&P resides within this judicial district.

## FACTS RELEVANT TO COMPETING CLAIMS

15.     Virginia Electric and Power Company d/b/a Dominion Virginia Power

("Dominion") and CWW contracted for purposes of CWW serving as the general

contractor in the performance of certain work pertaining to the installation and

construction of a transmission line in or around Leesburg, Virginia, which consisted of

both above-ground and underground segments (the "Project").

16.     P&P and CWW entered into a Subcontractor Agreement (the

"Subcontract"), pursuant to which P&P would, among other things, manufacture and

install thermal concrete and fluidized thermal backfill for the underground segment of the

Project.

17.     In turn, upon information and belief, P&P contracted with several

contractors and suppliers to provide labor, materials and other services necessary to

perform P&P's work under the Subcontract.  These contractors and suppliers included

Gudelsky, Roanoke, Hahn, Duffield, F&L, Beckner, Orrision, and Mobile (collectively,

"Sub-subcontractors").

18.     At the time P&P filed its Chapter 11 bankruptcy petition, CWW had not

paid P&P for certain invoices totaling the amount of $642,626.00 (the "Subcontract

Balance").

19.     Pursuant to its "factoring" agreement with P&P, Prestige claimed, and

continues to claim, to be entitled to direct payment for some or all of the invoices

comprising the Subcontract Balance.

19

20.     Upon information and belief, at the time the invoices comprising the Subcontract Balance were issued, P&P had, and continues to have, outstanding contract balances with the Sub-subcontractors it hired to perform labor or services or to provide materials for the Project.  Upon information and belief, P&P owed, and continues to owe, the Sub-subcontractors at least $620,318.76.

21.     Pursuant to the Subcontract and Virginia law, CWW believes that P&P was, and continues to be, obligated to pay the Sub-subcontractors before it can retain any of the Subcontract Balance or pay any of said Subcontract Balance to Prestige.

22.     Nevertheless, P&P and Prestige have demanded payment for the Subcontract Balance, while at the same time refusing to provide assurance that the Sub-subcontractors will be paid and refusing to provide CWW and Dominion with releases for any claims or liens that may be asserted by themselves or the Sub-subcontractors as to the Subcontract Balance.

23.     Each of the Claimants has asserted or may assert a claim for all or part of the funds comprising the Subcontract Balance.

24.     Upon information and belief, any such claims by the Sub-subcontractors claims are or would be for work done and supplied for the Project under contracts they had with P&P.

25.     The Sub-subcontractors claims are or may be adverse to each other as well as to P&P's and Prestige's claims that they are owed the Subcontract Balance.

26.     CWW is a disinterested stakeholder holding the disputed proceeds of the Subcontract Balance.

27.     Competing claims exist for the proceeds of the Subcontract Balance such that CWW is or may be exposed to double or multiple liability, for the Claimants all

claim or may claim to be entitled to some of all of the proceeds of the Subcontract Balance.

**COUNT I—INTERPLEADER OF CLAIMS**

28.     The allegations of paragraphs 1-27 are hereby re-alleged and incorporated herein by reference.

29.     CWW is a disinterested stakeholder of the disputed proceeds of the Subcontract Balance and has at all times acted in good faith with respect to those proceeds and the claimants thereto.  CWW is or may be exposed to double or multiple liability because the Claimants all claim or may claim to be entitled to the proceeds of the Subcontract Balance, adverse to, and independent of, one another.

30.     Prestige and the Sub-Subcontractors are all properly joined together with P&P as Defendants to this Counterclaim, Crossclaim and Third-Party Complaint for interpleader because, in their absence complete relief cannot be accorded among those already parties and because, if they are not so joined, CWW would be subject to a substantial risk of incurring double or multiple liability by reason of their potential claims.

31.     CWW will tender forthwith for deposit into the Registry of the Court, or such other depository as the Court may direct, a check in the amount of $642,646, which represents the total amount of the disputed proceeds of the Subcontract Balance.

32.     The Court may determine the respective rights of the Claimants as to the distribution of the interpleaded funds.

21

**REQUEST FOR RELIEF**

WHEREFORE, CWW respectfully requests that this Court enter an order:

A.  Directing that CWW deposit a check in the amount of $642,646 into the Court's

registry or such other depository as the Court may designate;

B.  Enjoining, preliminarily and permanently, the Claimants, individually or

collectively, from instituting or prosecuting any other action, suit or proceeding against

CWW and/or Dominion in any state or United States court relating to the Subcontract

Balance;

C.  Requiring the Claimants to interplead their claims to the funds comprising the

Subcontract Balance;

D.  Dismissing all claims against CWW and/or Dominion for the Subcontract Balance

and forever discharging them from any and all liability to the Claimants, individually and

collectively, for any claim, demand, action, or cause of action arising out of or relating to

the funds comprising the Subcontract Balance;

E.  Awarding CWW its costs and attorney fees for bringing this action; and

F.  Awarding CWW such other and further relief as the Court deems just and proper.

C.W. WRIGHT CONSTRUCTION COMPANY, INC.,

By its Attorneys,

/s/ Richard J. Land_____
Richard J. Land (#5592)
WINOGRAD, SHINE & ZACKS, P.C.
123 Dyer Street
Providence, RI  02903
(401)  273-8300
Fax:  (401) 272-5728
rland@wszlaw.com

22

Andrew P. Sherrod (VSB #45854) (*pro hac vice* pending)
Jason T. Jacoby (VSB #44196) (*pro hac vice* pending)
HIRSCHLER FLEISCHER, P.C.
Post Office Box 500
Richmond, Virginia  23218-0500
(804) 775-5830
Fax:  (804) 644-0957
asherrod@hf-law.com
jjacoby@hf-law.com

<u>CERTIFICATION</u>

The undersigned hereby certifies that on January 18, 2011, I electronically filed the within <u>Answer, Counterclaim, Crossclaim and Third-Party Complaint of Defendant C.W. Wright Construction Co., Inc.</u> with the Clerk of the Bankruptcy Court for the District of Rhode Island, using the CM/ECF system.  The following parties have received notice electronically:

- Mark W Freel     mfreel@eapdlaw.com, slanoue@eapdlaw.com
- Stefanie D. Howell     showell@mclaughlinquinn.com, phorton@mclaughlinquinn.com;aferris@mclaughlinquinn.com
- Vincent A. Indeglia     vincent@indeglialaw.com, betty@indeglialaw.com;VAIndeglia@frlawri.com;jbrooks@frlawri.com;kcorreia@frlawri.com
- Theodore Orson     torson@orsonandbrusini.com
- W. Mark Russo     mrusso@frlawri.com, wsmith@frlawri.com


<u>/s/ Richard J. Land</u>

24