```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x

In re:                               :

P AND P "QUICK-SETT" SERVICES, INC.: BK No. 10-14705
              Debtor                         Chapter 7

- - - - - - - - - - - - - - - - - - -x
P AND P "QUICK-SETT" SERVICES, INC.:
and PRESTIGE CAPITAL CORPORATION
              Plaintiffs             :

v.                                   :   A.P. No. 10-1098

C.W. WRIGHT CONSTRUCTION COMPANY,    :
INC., ROCK HILL SAND & GRAVEL, INC.
d/b/a GUDELSKY MATERIALS, and        :
VIRGINIA ELECTRIC AND POWER COMPANY
d/b/a DOMINION VIRGINIA POWER        :
              Defendants

- - - - - - - - - - - - - - - - - - -x
```

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTIONS TO DISMISS

**APPEARANCES:**

    Peter J. Furness, Esq.
    Attorney for the Chapter 7 Trustee
    SINAPI, FORMISANO & COMPANY, LTD.
    100 Midway Place, Suite 1
    Cranston, Rhode Island 02920

    Jeffrey S. Brenner, Esq.
    Attorney for Prestige Capital Corporation
    NIXON PEABODY, LLP
    One Citizens Plaza, Suite 500
    Providence, Rhode Island 02903

    Richard J. Land
    Attorney for C.W. Wright Construction Company, Inc.
    WINOGRAD, SHINE & ZACKS, P.C.
    123 Dyer Street
    Providence, Rhode Island 02903

BK 10-14705; A.P. No. 10-1098

Andrew P. Sherrod, Esq.
Attorney for C.W. Wright Construction Company, Inc.
HIRSCHLER FLEISCHER, P.C.
Post Office Box 500
Richmond, Virginia 22218-0500

Andrew Mauck, Esq.
Attorney for Virginia Electric & Power Company
SETLIFF TURNER & HOLLAND, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060

Mark W. Freel, Esq.
Attorney for Virginia Electric & Power Company
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK 10-14705; A.P. No. 10-1098

Heard on Motions to Dismiss filed (1) by C.W. Wright Construction Company ("CWW") as to Counts III and IV of the Plaintiffs' Joint Amended Complaint, and (2) by Virginia Electric and Power Company, d/b/a Dominion Virginia Power ("Dominion")[1] as to Counts II, V, and VI of the Complaint. The Chapter 7 Trustee of P&P Quick-Sett ("P&P") and Prestige Capital Corporation ("Prestige"), a secured creditor, oppose the Motions.

CWW argues that this litigation should be viewed narrowly, solely as a contract dispute[2] and that Counts III and IV, pled in tort, fail to state a claim because they lack sufficient facts to support the tort claims alleged. CWW had made this argument earlier, and in response, with leave of Court, P&P amended its Complaint, adding new allegations of fact. See ¶¶35-46. Even as to the amendments, CWW still contends that the Complaint fails to meet the pleading requirements announced by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Aschroft v. Iqbal*, 566 U.S. 662,___, 129 S.Ct. 1937 (2009).

To avoid dismissal under Rule 12(b)(6) "a complaint must contain enough factual material to 'raise a right to relief above

---

[1] The other Defendants were defaulted on November 14, 2011.

[2] Count I deals with the contract claim, and at the hearing the Trustee agreed that this portion of the lawsuit now deals only with P&P's claims for extras. See Order dated November 18, 2011 (Doc. No. 277), dealing with CWW's interpleader action. (Doc. No. 30).

1

BK 10-14705; A.P. No. 10-1098

the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Ocasio-Herandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir.2011)(quoting *Twombly,* 550 U.S. at 555). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Id*. (citing *Iqbal*, 129 S.Ct. at 1951). For a softer take on the subject, see "[t]he make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not merely conceivable, case for relief." *Sepulveda-Villarini v. Dept. of Education of Puerto Rico*, 628 U.S. F3d 25, 29 (1st Cir. 2010). I personally prefer the more reserved language in *Sepulveda*.

## DISCUSSION

The relevant factual allegations in the Amended Complaint are: P&P has claims against CWW for additional contract work exceeding $850,000 (¶36); CWW is improperly holding an undisputed contract balance ($642,626, see footnote 1 above) to coerce P&P to waive this disputed claim (¶39); the president of CWW has threatened that the "extra claims would be settled for only a fraction of their value" (¶39). P&P contends that by withholding the undisputed funds as leverage CWW is acting in bad faith.

BK 10-14705; A.P. No. 10-1098

In addition, on August 18, 2010, CWW informed P&P that "Dominion"[3] was aware that P&P was working in the area for other Dominion related entities (¶40), and had a contract with an entity called Flippo (¶¶41-42). That thereafter, Flippo informed P&P that its general contractor, W.A. Chester had been instructed by Dominion not to use P&P on future jobs. (¶¶44-45) Finally, on August 25, 2010, CWW informed P&P that Dominion had decreed that P&P would no longer be working on projects in the area. (¶46).

In plain terms, the allegations can easily be read to say that CWW (and Dominion) were using strong arm tactics to force P&P to waive a valid claim for compensation under a contract – a contract unrelated to P&P's relationships with the other contractors, who were also being pressured by Defendants to prevent P&P from getting any other work in the area.

"*Twombly* cautioned against thinking of plausibility as a standard of likely success on the merits; the standard is plausibility assuming the pleaded facts to be true and read in the plaintiff's favor." *Sepulveda-Villarini, supra* at 30. The facts alleged in the Amended Joint Complaint easily meet this standard because even "[a] plausible but inconclusive inference from pleaded facts will survive a motion to dismiss." *Id*. For these reasons and

---

[3] Dominion is a Virginia based electricity utility that had the contract with CWW, which, in turn, hired P&P as a subcontractor on a Dominion project.

3

BK 10-14705; A.P. No. 10-1098

for the reasons argued by the Trustee in his Memorandum in opposition, which are adopted and incorporated herein by reference, CWW's Motion to Dismiss Counts III and IV of the Amended Complaint is **DENIED**.

Dominion's Motion to Dismiss Counts V and VI of the Amended Complaint[4] is similarly flawed, and is **DENIED** for the reasons stated above.  At the hearing on these Motions, Dominion did raise a fair point concerning Counts V and VI, arguing that it should only have to defend against one plaintiff as to a single issue. Although the Amended Complaint (¶¶50-55) refers to the Prestige-P&P factoring agreement and CWW's knowledge of their arrangement, nothing in the new factual allegations mentions Dominion or how Dominion's conduct was tortious as to Prestige (in contrast to P&P).  Moreover, Prestige's Memorandum in Opposition addresses only Count II (quantum meruit) and not Counts V and VI.  As for Count II, Prestige's "standing" argument is that as P&P's assignee of accounts receivable under the factoring agreement, and with a perfected security interest in P&P's receivables, it has derivative rights vis-a-vis P&P, and therefore has a right to participate.

---

[4] The Amended Complaint contains allegations against both CWW and Dominion.  Dominion's Motion referenced Counts III and IV, but its Memorandum addressed Counts V and VI.  The latter Counts are directed only at Dominion (Counts III and IV are against CWW). This ruling applies only to the Counts against Dominion as asserted by P&P.

4

BK 10-14705; A.P. No. 10-1098

Under such a broad brush approach, any secured creditor could pursue a third party when its own debtor (P&P) is simultaneously pressing an identical claim against that third party. Even at the pleading stage, nothing in the Complaint states a plausible claim to relief by Prestige against Dominion that is separate or different from the claims of P&P. Therefore, Counts II, V, and VI of the Amended Complaint, as asserted by Prestige against Dominion, are duplicative and are **DISMISSED.**[5]

    Enter.

                                        Arthur N. Votolato
                                        U.S. Bankruptcy Judge

Entered on docket: 5/7/12

---

[5] While the right to prosecute the claim(s) in question against the Defendants in this proceeding is solely with the Trustee, nothing herein is intended to affect any rights Prestige might have, based on its secured status, in any recovery P&P might obtain against the Defendants.